NORTON v. B. & A. DRILLING CO.

No. 1398—5579.

Commission of Appeals of Texas, Section A.

Feb. 4, 1931.

G. A. Walters, of San Saba, and Allan McDonnell, of Waco, for plaintiff in error.

C. H. Machen, of Mexia, and J. E. & B. L. Bradley and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for defendant in error.

HARVEY, P. J.

The plaintiff in error, O. R. Norton, brought suit in the district court of Freestone county against W. K. Henderson, a resident of Louisiana, to recover the sum of $8,700. Henderson was duly served in Louisiana, with notice of the suit, as prescribed by our statutes. He did not file answer or enter an appearance in the suit. At the time the suit was filed, a writ of attachment was duly issued, at the instance of Norton, which writ was returned "nulla bona." Thereupon Norton duly procured a writ of garnishment to issue against the B. & A. Drilling Company, as garnishee,

requiring said company to answer upon oath "what if any thing, it is indebted to said W. K. Henderson, and was when this writ was served upon it; and what effects, if any, of the said W. K. Henderson, it has in its possession/ and had when this writ was served, and what other persons, if any, within its knowledge, are indebted to said W. K. Henderson, or have effects belonging to him in its possession. And further to answer what number of shares, if any, the said W. K. Henderson owns in said B. & A. Drilling Company, Incorporated, and owned therein when this writ was served, and what interest, if any, said W. K. Henderson has in said B. & A. Drilling Company, Incorporated, and had therein when this writ was served."

The B. & A. Drilling Company is a Louisiana corporation, doing business in Texas, and the above writ of garnishment was served on one of its local agents in this state. In due time the B. & A. Drilling Company filed its answer to the writ, which answer was duly sworn to by the local agent upon whom the writ had been served. In the answer, it was stated that the company was not, when the writ was served and when said answer was filed, indebted to Henderson in any amount; that the company is not, nor was not when the writ was served, in possession of any effects belonging to Henderson, and that the affiant does not know of any person or persons who are indebted to said W. K. Henderson, or have effects belonging to him in their possession. The answer to the writ further stated: "Affiant further says that he is only a limited agent for the garnishee B. & A. Drilling Company, and only represents said garnishee in a limited way, that is, he has in his care and custody certain personal property belonging to and owned by garnishee, which property is situated in Limestone County, Texas, and which property consists of tools and machinery used in the drilling of oil wells, which property is usually called drilling rigs; that the garnishee is a foreign corporation, to-wit: A Louisiana corporation with its principal office, domicile and headquarters, in Shreveport, Louisiana, that all books, records and accounts, are kept in Shreveport, Louisiana; that all bills and accounts are paid from Shreveport, Louisiana; that one Mr. E. B. Redline is secretary and general manager of said corporation garnishee, and Mr. E. B. Redline's address is Shreveport, Louisiana. Affiant further says that only being a limited agent and representative of garnishee, he does not know and is unable to state whether the defendant, W. K. Henderson has or owns any shares of stock in the garnishee corporation, or has any interest therein, or not; that so far as he is able to state, he knows of no shares or interest therein of stock, and said defendant owns in said corporation garnishee, and that he does not have access to the books and records of said garnishee, and has no way to obtain, and cannot obtain, the information sought in the writ of garnishment served upon him as agent of said garnishee, that if the said defendant, W. K. Henderson, has or owns, or has any interest in any shares of stock in said corporation garnishee, the same are in the State of Louisiana."

The trial court sustained Norton's exceptions to the company's answer to the writ of garnishment, thereby holding, in effect, that the answer constituted no answer at all. The court thereupon proceeded to render simply a money judgment against the drilling company, as by default, for the full amount of the default judgment which had just been rendered against Henderson in the main suit. The drilling company appealed, and the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for the company. 20 S.W.(2d) 413. Norton applied for the writ of error which was granted.

We are not concerned with the question as to whether or not the trial court had the power to divest Henderson, a nonresident, of his shares of capital stock in a foreign corporation. No such judgment was rendered. The question for decision goes to the power of the court, under the circumstances of this case, to render the money judgment it did against the drilling company. In considering this question it becomes necessary to recur to the writ of garnishment which the drilling company was required, by the laws of this state, to answer. This writ was a valid writ, and it required the company to answer, among other things, what shares of stock were held by Henderson in the garnishee corporation. The garnishee failed to answer this inquiry. The legal effect of this failure is the same as if none of the inquiries contained in the writ had been answered; thus, in legal contemplation, leaving the writ wholly unanswered. Kentucky Oil Corporation v. David (Tex. Com. App.) 285 S. W. 290; Lamb-McAshan Co. v. Ellis (Tex. Com. App.) 270 S. W. 547; Freeman v. Miller, 51 Tex. 443; Id., 53 Tex. 372; Durfee Mineral Co. v. Bank (Tex. Civ. App.) 236 S. W. 516; Oklahoma Petroleum & Gasoline Co v. Nolan (Tex. Civ. App.) 253 S. W. 650.

Article 4087 of the Statutes provides: "The garnishee shall in all cases after lawful service file an answer to the writ of garnishment on or before appearance day of the term of the court to which such writ is returnable, and should the garnishee fail to file such answer to said writ as herein required, it shall be lawful for the court, at any time after judgment shall have been rendered against defendant, and on or after appearance day, to render judgment by default, as in other civil cases against such garnishee for the full amount of such judgment against the defendant, together with all interest and costs

that may have accrued in the main case and also in the garnishment proceedings. The answer of such garnishee may be filed as in any other civil case at any time before such default judgment is rendered."

The judgment against the drilling company, as garnishee, was rendered in conformity with this statute. The existence of an indebtedness from the company to Henderson, in the amount of the judgment, was a subject for adjudication in the garnishment suit. If the indebtedness existed, the trial court had jurisdiction of the rights of Henderson respecting it, by virtue of the writ of garnishment that had been served on the company, notwithstanding Henderson was a nonresident and the company a foreign corporation. Harris v. Balk, 198 U. S. 215, 25 S. Ct. 625, 49 L. Ed. 1023, 3 Ann. Cas. 1084; Louisville & N. R. R. Co. v. Deer, 200 U. S. 176, 26 S. Ct. 207, 50 L. Ed. 426.

When the drilling company failed, in effect, to answer the writ of garnishment, the presumption arose that the company was indebted to Henderson in an amount sufficient to satisfy Norton's claim. Upon this presumption is based the default judgment which was rendered against the company. The estoppels arising from the judgment, respecting this presumed fact of indebtedness, operate against the company with the same force and to the same extent as if the fact were proved in the case by other legal means. The judgment involves an adjudication of the fact that such an indebtedness from the company to Henderson existed, which adjudication is conclusive as between the parties.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the trial court affirmed.

CURETON. C. J.

Judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.