NO. 07-08-0021-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 4, 2009
_____

REGIONS BANK, APPELLANT

V.

CENTERPOINT APARTMENTS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY;

NO. GC-2007-01955; HONORABLE MARGARET BARNES, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Regions Bank, filed a restricted appeal of a default judgment entered in relation to a writ of garnishment in favor of appellee, Centerpoint Apartments. The default judgment found Regions liable and awarded damages of $6,533.49, the amount of an underlying judgment in favor of Centerpoint against Stanley Elvin Hance, $501.00 for costs of court for both the underlying proceeding and the default garnishment proceeding, and post-judgment interest at a rate of 8.25 percent per year. For the reasons expressed herein, we affirm in part and reverse in part.

## Background

After obtaining a judgment against Stanley Elvin Hance, Centerpoint filed an application for writ of garnishment against Regions on June 29, 2007. In its application, Centerpoint sought to recover the damages awarded to it in the underlying judgment against Hance as well as post-judgment interest on that amount until paid. The application was supported by the affidavit of Centerpoint employee Jennifer Reven. This affidavit indicates that, to the best of Reven's knowledge, Hance does not possess sufficient property in the state to satisfy the judgment, but that Reven has reason to believe that Regions held property belonging to Hance or was indebted to Hance. Regions was properly served with the application, but did not file an answer. Centerpoint then moved for default judgment and the trial court signed the default garnishment order described above on September 4, 2007.

Regions contends that it inadvertently failed to answer the application for writ of garnishment and did not receive notice of the issuance of the writ until after the period for filing post-judgment motions. As a result, Regions filed the present restricted appeal.

Regions presents two issues by the present appeal: (1) the trial court erred in awarding damages in this case because such damages are proscribed by Texas Finance Code section 276.002,[1] and (2) reversal is warranted because no reporter's record was prepared for this appeal.

---

[1] See TEX. FIN. CODE ANN. § 276.002 (Vernon 2006). Hereafter, any reference to this provision will be by reference to "section 276.002" or "§ 276.002."

2

Standard of Review

A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a hearing that resulted in a judgment against the party. TEX. R. APP. P. 30. To be eligible for a restricted appeal, the party must not have timely filed a post-judgment motion, a request for findings of fact and conclusions of law, or a notice of appeal. Id. In addition, the error complained of must be apparent on the face of the record, which includes all papers on file in the appeal, including the statement of facts. Norman Commc'ns v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997). As such, a review of a restricted appeal necessarily includes review of the legal and factual sufficiency of the evidence. Id. A party may file a restricted appeal by filing a notice of appeal within six months of the date the judgment is signed. TEX. R. APP. P. 26.1.

In the present case, there is no dispute that Regions filed its restricted appeal within six months after the judgment was signed, was a party to the garnishment proceeding, and did not participate in the garnishment proceeding either before or after judgment was entered. Thus, the issue in the present appeal is whether the error Regions complains of is apparent on the face of the record. It is Regions's burden to demonstrate error on the face of the record. See Norman Commc'ns, 955 S.W.2d at 270.

Issue One: The Award of Damages

By its first issue, Regions contends that the trial court erred in awarding damages to Centerpoint in the default judgment because such an award of damages is proscribed by section 276.002.

3

Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of a debt. Bank One, Texas, N.A. v. Sunbelt Sav., F.S.B., 824 S.W.2d 557, 558 (Tex. 1992). Thus, garnishment necessarily involves three parties: a creditor, a debtor, and a third person who has some obligation to the debtor. Orange County v. Ware, 819 S.W.2d 472, 474 (Tex. 1991). Garnishment is a creditor's action against his debtor's debtor, the garnishee, to obtain satisfaction of what is owed the creditor. Id. Funds placed with a bank ordinarily become general deposits that create a debtor-creditor relationship between the bank and its depositor. Bank One, N.A., 824 S.W.2d at 558. A writ of garnishment is available to a judgment creditor where the creditor has a "valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 63.001(3) (Vernon 2008). Generally, the trial court is authorized to render judgment against the garnishee for the full amount of the debtor's debt to the creditor/garnishor when the garnishee fails to answer or appear in a garnishment proceeding. See Lamb-McAshan Co. v. Ellis, 270 S.W. 547, 549 (Tex. 1925); Norton v. B. & A. Drilling Co., 34 S.W.2d 1095, 1097 (Tex.Comm'nApp. 1931). The assessment of damages against the defaulting garnishee is premised on a presumption that the garnishee is indebted to the debtor in an amount sufficient to satisfy the claim of the garnishor. Norton, 34 S.W.2d at 1097. A defaulting garnishee must timely act to set aside the judgment to avoid this harsh result. See Kentucky Oil Corp. v. David, 285 S.W. 290, 293 (Tex. 1926).

4

Section 276.002, effective September 1, 2005, provides that "if a financial institution fails to timely file an answer to a writ of garnishment issued before or after a judgment is rendered in the case, a court may enter a default judgment against the financial institution solely as to the existence of liability and not as to the amount of damages." § 276.002(a). Further, "[a] financial institution against which a default judgment is entered under Subsection (a) is not deemed to have in the financial institution's possession or to have knowledge of sufficient debts, assets, or personal effects of the debtor to satisfy the debtor's obligation to the garnishor." § 276.002(b). After the default judgment is entered as to liability, "the garnishor has the burden to establish the amount of actual damages proximately caused to the garnishor by the financial institution's default." § 276.002(c). After this burden has been met, the trial court may award damages to the garnishor as established under subsection (c). § 276.002(d)(1).

The parties to the present appeal dispute the appropriate construction of section 276.002. Regions contends that section 276.002 limits the trial court's authority to enter default judgment in a garnishment proceeding against a financial institution to a determination that the financial institution is liable. Subsequent to this determination, Regions contends that the trial court must hold a separate hearing to determine the amount of damages that the financial institution is liable for. Centerpoint contends that section 276.002 is permissive and simply articulates that the trial court may enter a default garnishment that is limited to only a determination that the bank is liable. Further, Centerpoint contends that there is nothing in the statute that would require the trial court

5

to hold a separate hearing to determine the appropriate amount of damages following a determination of liability.

No cases have construed section 276.002 since it has been enacted and, thus, this is a case of first impression. Applying the plain and common meaning of the words used, see Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865 (Tex. 1999), we conclude that subsection (a) limits the trial court's authority to enter default garnishment orders against financial institutions to a determination of liability and prohibits a determination of damages. Before the addition of section 276.002, a trial court was authorized to enter default judgments in garnishment proceedings brought against financial institutions under the authority of Texas Rule of Civil Procedure 667. See TEX. R. CIV. P. 667. As such, for section 276.002 to have any meaning, it must modify the prior authority granted trial courts by Rule 667. We construe subsection (a) as modifying the authority granted by Rule 667 by allowing the entry of a default garnishment order against a financial institution "solely as to the existence of liability and not as to the amount of damages." § 276.002(a).

This construction is reenforced by subsection (b) of section 276.002. Subsection (b) prohibits making the presumption that the garnishee is indebted to the debtor in an amount sufficient to satisfy the claim of the garnishor upon which the assessment of damages in a typical default garnishment is premised. Compare § 276.002(b) (may not deem that the defaulting financial institution has possession of or knowledge of sufficient debts, assets, or personal effects of the debtor to satisfy the debtor's obligation to the garnishor), with Norton, 34 S.W.2d at 1097 (the presumption of indebtedness arising from

6

default in a garnishment proceeding estops the defaulting garnishee from challenging the ability to satisfy the garnishee's claim). Because subsection (b) prohibits the presumption of indebtedness, subsection (c) expressly places the burden of establishing the extent of the financial institution's indebtedness, and any additional damages, on the garnishor. See § 276.002(b), (c). While assigning the garnishor the burden of proving a defaulting financial institution's indebtedness may be counterintuitive since the financial institution would be in the better position to assess the existence and extent of such indebtedness, we believe that this construction of the statute is the only way to give effect to the statute as a whole and in a manner that gives effect to each subsection. See Bd. of Adjustment of San Antonio v. Wende, 92 S.W.3d 424, 430 (Tex. 2002).

Based on our construction of section 276.002, we must now review the record to determine whether Centerpoint presented sufficient evidence to discharge the burden of proving Regions's indebtedness to Hance.[2] See Norman Commc'ns, 955 S.W.2d at 270 (review of a restricted appeal necessarily includes review of the legal and factual sufficiency of the evidence). The only evidence relating to the damages caused by Regions's default in the garnishment proceeding is contained within Reven's affidavit, which was attached to the application for writ of garnishment, and Pamela Galysh's[3] affidavit in support of

---

[2] To resolve the issues presented in the present appeal, we need not and, therefore, do not address the issue of whether a separate hearing on damages must be held by the trial court following entry of a default garnishment against a financial institution. For purposes of analysis, we will assume that such a hearing was not required and that Centerpoint could have met its burden to prove damages through evidence otherwise contained in the appellate record.

[3] Galysh is identified by the affidavit as a Collections Supervisor for Centerpoint Apartments.

default judgment. Galysh's affidavit simply states that Hance owed Centerpoint $6,533.49 under the original judgment. Galysh provides no information upon which to determine the extent of Regions's indebtedness to Hance, if any. Reven states that Centerpoint owns a judgment awarding it $6,468.81 against Hance, that she has no knowledge that Hance has sufficient property in Texas subject to execution to satisfy the debt, and that she believes and has reason to believe that Regions "has property belonging to the Debtor or is indebted to the Debtor." While Reven's affidavit does address Regions's indebtedness to Hance, even taken as true, it does no more than establish that Regions is liable to Centerpoint. Nothing in Reven's affidavit identifies the extent of Regions's indebtedness to Hance. As such, we conclude that the evidence of Regions's indebtedness to Hance, which cannot be deemed by Regions's default, is no evidence and is legally insufficient to meet the burden of proof imposed on Centerpoint by section 276.002(c). Therefore, we must reverse the trial court's award of damages against Regions.

Ordinarily, when an appellate court reverses a judgment on no evidence grounds, it renders judgment for appellant on that point. See Vista Chevrolet v. Lewis, 709 S.W.2d 176, 176 (Tex. 1986). However, because both Centerpoint and the trial court construed section 276.002 as requiring proof only of the liquidated damages found against Hance, the evidence of damages caused by Regions's default has not been fully developed. When a case is reversed on legal sufficiency grounds but the evidence is in need of further

development, it is appropriate to remand for a new trial rather than rendering judgment.[4] See Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 86 (Tex. 1992).

## Issue Two: Separate Hearing on Damages

Our resolution of Regions's first issue pretermits our need to review Regions's second issue. See supra note 2.

## Conclusion

We affirm the judgment of the trial court to the extent that it finds Regions liable to Centerpoint, but reverse that portion of the judgment awarding damages to Centerpoint and remand for further proceedings consistent with this opinion.

Mackey K. Hancock
Justice

---

[4] Regions's prayer requests reversal of the damages portion of the judgment and remand so that Centerpoint "be required to meet its burden of proof concerning damages as set forth in the statute . . . ." Generally, a court cannot grant greater relief than is requested by a party. See Horrocks v. Tex. Dep't of Transp., 852 S.W.2d 498, 499 (Tex. 1993). Because Regions did not pray for rendition, we will remand the case for further proceedings.

9