INVESCO INVESTMENT SERVICES, INC., Appellant,

v.

FIDELITY DEPOSIT & DISCOUNT BANK, Appellee.

No. 01–10–01126–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 16, 2011.

Craig Andrew Stanfield, Morgan, Lewis & Bockius LLP, Houston, TX, for Appellant.

Christopher M. Cammack, Cammack Law Firm, P.C., Houston, TX, for Appellee.

Panel consists of Justices JENNINGS, BLAND, and MASSENGALE.

## OPINION

TERRY JENNINGS, Justice.

In this restricted appeal, appellant, Invesco Investment Services, Inc. ("Invesco"), challenges the trial court's default judgment entered against it and in favor of appellee, Fidelity Deposit & Discount Bank ("Fidelity"), in Fidelity's suit against Invesco for a writ of garnishment. In a single issue, Invesco contends that the evidence is legally insufficient evidence to support the trial court's default judgment and the default judgment should be set aside on the ground that it, as a "financial institution," is protected from a default judgment in a garnishment proceeding "as to the amount of damages."[1]

We reverse and remand.

## Background

In its application for the writ of garnishment, Fidelity, the garnishor, alleged that it had domesticated a foreign judgment entered against Angela Maloney for $44,206.31 in actual damages plus prejudgment interest and attorney's fees, this judgment remained unpaid, Maloney did not have sufficient property within her possession sufficient to satisfy the judgment, and Maloney held an investment account with Invesco. Fidelity sought the writ against Invesco, the garnishee, in order to apply the funds held in Maloney's investment account toward the judgment debt. In support of its application, Fidelity attached the affidavit of its attorney, who testified that Fidelity sought the writ "to collect redemption funds and/or liquidatable share certificates comprising the investment account" that Invesco held on Maloney's behalf.

---

1. See Tex. Fin.Code Ann. § 276.002 (Vernon 2006).

Invesco failed to timely file an answer to the application, and Fidelity filed a motion for default judgment seeking a judgment against Invesco for the amount of the actual damages, interest, fees, and costs in its judgment against Maloney. Fidelity supported its motion with the affidavit of its attorney, who testified that the amounts owed on the underlying judgment included $44,206.31 in actual damages, $17,698.86 in pre-judgment interest, and $9,157.74 in attorney's fees. The trial court granted Fidelity's motion and entered a "default judgment of garnishment" for the full amounts stated in Fidelity's motion, plus post-judgment interest and costs. Invesco timely filed this restricted appeal.

## Restricted Appeal

In its sole issue, Invesco argues that the trial court's default judgment should be set aside because Fidelity presented no evidence regarding the value of any accounts held by Maloney, Invesco qualifies as a protected financial institution under Texas Finance Code section 276.002, and section 276.002 precludes the entry of a default judgment "as to the amount of damages" against a "financial institution" that fails to timely file an answer to an application for a writ of garnishment. *See* Tex. Fin.Code Ann. § 276.002 (Vernon 2006).

■ To attack a judgment by a restricted appeal, the appeal must be filed (1) within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who, either in person or through counsel, did not participate at trial; and (4) the error must be apparent from the face of the record. Tex.R.App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004); *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997) (per curiam); *Barry v. Barry*, 193 S.W.3d 72, 74 (Tex. App.-Houston [1st Dist.] 2006, no pet.).

The face of the record consists of all the papers on file in the appeal, including any reporter's record. *Osteen v. Osteen*, 38 S.W.3d 809, 813 (Tex.App.-Houston [14th Dist.] 2001, no pet.). A review of a restricted appeal includes review of the legal and factual sufficiency of the evidence, including the evidence of damages. *Norman Commc'ns*, 955 S.W.2d at 270; *Regions Bank v. Centerpoint Apartments*, 290 S.W.3d 510, 512 (Tex.App.-Amarillo 2009, no pet.).

Here, it is undisputed that Invesco has satisfied the first three requirements to pursue its restricted appeal. The only issue remaining is whether there is error on the face of the record. Invesco argues that error appears on the face of the record because Fidelity presented no evidence regarding the value of Maloney's alleged accounts at Invesco and section 276.002 precludes the entry of a default judgment against a financial institution like itself for a specific amount of damages in a garnishment proceeding. In contrast, Fidelity asserts that Invesco's "status as a legitimate 'financial institution' is not apparent on the face of the record" and Fidelity "had no duty to prove up the monetary value of whatever investment products" Invesco held for Maloney.

■ Generally, if a garnishee fails to timely file an answer to a writ of garnishment, it is lawful for the trial court to render judgment against the garnishee for the full amount of the judgment against the debtor together with all interest and costs that may have accrued in the main case and also in the garnishment proceedings. Tex.R. Civ. P. 667; *Regions Bank*, 290 S.W.3d at 513. The assessment of the full amount of damages against the defaulting garnishee is premised on a presumption that the garnishee is indebted to the debtor in an amount sufficient to satis-

fy the claim of the garnishor. *Regions Bank*, 290 S.W.3d at 513.

However, in regard to default judgments entered against financial institutions in the context of garnishment proceedings, section 276.002 provides,

> (a) Notwithstanding the Texas Rules of Civil Procedure, if a financial institution fails to timely file an answer to a writ of garnishment issued before or after a judgment is rendered in the case, a court may enter a default judgment against the financial institution solely as to the existence of liability and not as to the amount of damages.
>
> (b) A financial institution against which a default judgment is entered under Subsection (a) is not deemed to have in the financial institution's possession or to have knowledge of sufficient debts, assets, or personal effects of the debtor to satisfy the debtor's obligations to the garnishor.
>
> (c) After a default judgment is entered against a financial institution as to the existence of liability as provided by Subsection (a), the garnishor has the burden to establish the amount of actual damages proximately caused to the garnishor by the financial institution's default.
>
> (d) The court may award to the garnishor:
>
> > (1) damages in the amount determined under Subsection (c); and
> >
> > (2) for good cause shown, reasonable attorney's fees incurred by the garnishor in establishing damages under Subsection (c).
>
> (e) Notwithstanding Section 22.004, Government Code, the supreme court may not amend or adopt rules in conflict with this section.

TEX. FIN.CODE ANN. § 276.002.

In construing a statute, our primary objective is to ascertain and give effect to the Legislature's intent as expressed by the language of the statute. *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex.2009); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex.2008). We use definitions prescribed by the Legislature and any technical or particular meaning the words used in the statute have acquired. *City of Rockwall*, 246 S.W.3d at 625 (citing TEX. GOV'T CODE ANN. § 311.011(b)). Otherwise, we construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context or such a construction leads to absurd results. *Id.* at 625–26; *see also Pochucha*, 290 S.W.3d at 867 ("If the words of a statute are clear and unambiguous, we apply them according to their plain and common meaning."). When a statute's language is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe the language. *City of Rockwall*, 246 S.W.3d at 626.

Several sections of the Texas Finance Code provide different definitions for the term "financial institution." Texas Finance Code section 276.001 defines "financial institution" to mean "a bank, savings and loan association, savings bank, or credit union." TEX. FIN.CODE ANN. § 276.001(b)(2) (Vernon 2006). Texas Finance Code section 31.002(25) defines "financial institution" to mean "a bank, savings association, or savings bank maintaining an office, branch, or agency office in this state." *Id.* § 31.002(25) (Vernon Supp.2010). Texas Finance Code section 201.101(1) defines "financial institution" to include, among other things, a bank, savings and loan association, federal savings and loan association, federal savings bank, federal credit union, credit union, or a trust

company. *Id.* § 201.101(1) (Vernon 2006). And Texas Finance Code section 271.001 defines "financial institution" by reference to the definition used in 31 U.S.C. 5312, which includes, among other things, an insured bank, a commercial bank or trust company, a private banker, an agency or branch of a foreign bank in the United States, a credit union, a thrift institution, a SEC registered broker or dealer, a broker or dealer in securities or commodities, an investment banker or investment company, a currency exchange, or a pawnbroker.[2] *Id.* § 271.001 (Vernon 2006). Each of these sections provides varying, and in some cases potentially conflicting, definitions of the term "financial institution." But, according to the plain language used in each of these statutes, none of these definitions applies to section 276.002.

Fidelity urges us to apply the definition of "financial institution" provided in section 276.001 since that is the section immediately preceding section 276.002, the section at issue in this case. But, sections 276.001 and 276.002 are contained in a subtitle of the Texas Finance Code entitled, "Miscellaneous Provisions Relating to Financial Institutions and Businesses," indicating that these sections have no particular relationship to each other. *See id.* §§ 276.001, 276.002. This is borne out by the subject matter of the statutes. Section 276.001 bars a financial institution from opening an account in the name of a candidate for public office without obtaining that candidate's consent and signature. *Id.* § 276.001(a). It is, thus, entirely unrelated to the purpose of section 276.002. Moreover, section 276.001 expressly provides that the definition for financial institution provided therein applies only for that section. *Id.* § 276.001(b)(2).

In the above-referenced, unrelated sections of the Texas Finance Code, the Legislature has chosen to specifically define the term "financial institution" and has provided different definitions depending on the purpose of the specific statute at issue. In section 276.002, the Legislature has elected not to define the term "financial institution." Thus, we will simply apply the ordinary meaning of that term to determine if Invesco falls within the statute's scope. *See* TEX. GOV'T CODE ANN. § 312.002 (Vernon 2008) (providing that "words shall be given their ordinary meaning" or, if "a word is connected with and used with reference to a particular trade or subject matter or is used as a word of art, the word shall have the meaning given by experts in the particular trade, subject matter, or art").

■ "Financial Institution" is defined to include "[a] business, organization, or other entity that manages money, credit, or capital, such as a bank, credit union, savings-and-loan association, securities broker or dealer, pawnbroker, or investment company." BLACK'S LAW DICTIONARY 706 (9th ed. 2009). This definition is consistent with section 276.002's broad reference to a financial institution as an entity that maintains debts, assets, or personal effects of the debtor. TEX. FIN.CODE. ANN. § 276.002(b). Here, Fidelity sought and obtained a writ of garnishment against Invesco on the basis that it held investment accounts for Maloney. Applying the general definition of the term "financial institution," we conclude that the face of the record demonstrates that Invesco, as a holder of Maloney's investment accounts, qualifies as a financial institution under section 276.002.

Section 276.002 expressly provides that a default judgment may be entered against

---

2. *See* 31 U.S.C. 5312.

a financial institution "solely as to the existence of liability and not as to the amount of damages" and, after the entry of a default judgment in a garnishment proceeding as to liability, the garnishor "has the burden to establish the amount of actual damages proximately caused to the garnishor by the financial institution's default." *Id.; see also Regions Bank,* 290 S.W.3d at 514 (concluding that section 276.002 limits trial court's authority "to enter default garnishment orders against financial institutions to a determination of liability and prohibits a determination of damages"). Here, the trial court entered a default judgment against Invesco for the full amount of Fidelity's underlying judgment against Maloney without any evidence as to the amount of damages actually caused by Invesco's default.

Based upon our review of the face of the record, we conclude that Fidelity, in contravention of the requirements of section 276.002, presented no evidence to support the damages portion of the default judgment entered against Invesco. *See Regions Bank,* 290 S.W.3d at 514–15 (reversing damages portion of default judgment entered against financial institution after concluding that garnishor presented no evidence of damages and failed to meet burden imposed by section 276.002). Accordingly, we hold that the trial court erred in entering the default judgment against Invesco.

We sustain Invesco's sole issue.

### Conclusion

We reverse the default judgment awarding damages to Fidelity and remand for proceedings consistent with this opinion.[3]

---

3.  We deny Fidelity's motion to dismiss.