**Opinion issued July 28, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00813-CV

———————————

## MARIATU SUMAH, Appellant

## V.

## SALUSTIA RODRIGUEZ, PANFILO RODRIGUEZ, ISIDORO RODRIGUEZ, AND DANIEL RODRIGUEZ, Appellees

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1044385**

---

## MEMORANDUM OPINION

In this restricted appeal, appellant, Mariatu Sumah, challenges the trial court's default judgment entered in favor of appellees, Salustia Rodriguez, Panfilo Rodriguez, Isidoro Rodriguez, and Daniel Rodriguez, in their suit against her for negligence. In three issues, Sumah contends that the evidence is legally and

factually insufficient to support the trial court's damages award against her and the trial court, in its award, erred in not "distinguish[ing] between reversible and non-reversible damages."

We reverse and remand.

## Background

In their first amended petition, appellees alleged that on April 16, 2010, Sumah was driving an automobile "at a high rate of speed" and "violently slammed into the rear" of the automobile in which they were riding. Appellees asserted that "as a result of [her] negligence," they collectively incurred "$100,000 or less" in damages, including property damage, medical expenses, physical and mental impairment, mental anguish, permanent disfigurement, lost wages, and loss of companionship.

After Sumah did not file an answer, appellees moved for a default judgment against her. To their motion, appellees attached a copy of the return of service, showing that she was served with process on June 7, 2014.

On March 30, 2015, the trial court signed an order granting appellees a default judgment against Sumah. In its order, the trial court found that she had been "properly served with citation" and "the officers' return ha[d] been on file for more than . . . ten days." The trial court ordered that appellees "recover [from Sumah] the sum of $100,000.00[,] together with all costs expended in this behalf

[sic], plus interest at the rate of 5% from entry of judgment and that execution issue."

## Standard of Review

We will sustain a legal sufficiency or "no-evidence" challenge if the record shows any one of the following: (1) a complete absence of evidence of a vital fact, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). In conducting a legal sufficiency review of the evidence, we consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that supports it. *Id*. at 822. If the evidence allows only one inference, neither the factfinder nor the reviewing court may disregard it. *Id*. However, if the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then factfinders must be allowed to do so. *Id*. A reviewing court cannot substitute its judgment for that of the trier-of-fact, so long as the evidence falls within this zone of reasonable disagreement. *Id.*

In conducting a factual-sufficiency review, we examine, consider, and weigh all of the evidence that supports or contradicts the factfinder's determination. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Plas–Tex, Inc. v. U.S.*

*Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989). We set aside the verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong or manifestly unjust. *See Dow Chem. Co.*, 46 S.W.3d at 242; *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986).

**Evidence of Damages**

In her second issue, Sumah argues that the evidence is legally and factually insufficient to support the trial court's damages award because appellees failed to present any evidence regarding the nature and extent of their injuries or the amount of their alleged damages. In her third issue, Sumah argues that the trial court's "lump-sum judgment" entered against her is defective on its face because it "fails to distinguish between reversible and non-reversible damages." She asserts that the trial court erred in not "itemizing the award among each of the four plaintiffs and the various elements of damages sought."

A restricted appeal constitutes a direct attack on a default judgment. TEX. R. APP. P. 30; *Barker CATV Const., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.—Tex. App.—Houston [1st Dist.] 1999, no pet.). A restricted appeal must be filed within six months after the trial court signs the judgment, by a party to the suit, who, either in person or through counsel, did not participate at trial or timely file any post-judgment motions, and the complained-of error must be apparent from the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's*

4

*Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Invesco Inv. Servs. v. Fidelity Deposit & Disc. Bank*, 355 S.W.3d 257, 259 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The face of the record consists of all the papers on file in the appeal, including any reporter's record. *Osteen v. Osteen*, 38 S.W.3d 809, 813 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Here, the trial court signed its default judgment against Sumah on March 30, 2015. Sumah, who is the named defendant in the suit, did not participate in the trial court and timely filed her notice of appeal on September 17, 2015. *See* TEX. R. APP. P. 30.

Sumah argues that "the erroneous nature of the default judgment is apparent on the face of the record" because appellees did not "provide any evidence" of a "causal nexus between the injuries complained of and the damages sustained— which the record also fails to identify—and the accident," "identify or prove the reasonableness and necessity of their allegedly incurred medical expenses," or "provide any evidence of the other types of damages claimed in their [p]etition." Further, the "record reveals that the default judgment is defective on its face because it awards damages in a single lump sum despite there being four different [p]laintiffs and further fails to allocate the award among the various types of damages alleged."

The legal and factual sufficiency of the evidence to support an award of unliquidated damages may be challenged on appeal from a no-answer default

judgment. *Whitaker v. Rose*, 218 S.W.3d 216, 221 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see also Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

When a no-answer default judgment is rendered on an unliquidated claim,[1] as here, all factual allegations in the petition are deemed admitted. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). However, this principle does not apply to unliquidated damages. *Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 517 (Tex. 1999). A plaintiff alleging unliquidated damages must present competent evidence of such damages. TEX. R. CIV. P. 243; *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984). And a claim for past medical expenses must be supported by evidence that such expenses were reasonable and necessary as a result of the injury. *See Texarkana Mem'l Hosp., Inc. v. Murdock*, 946 S.W.2d 836, 840 (Tex. 1997). A default judgment does not relieve a plaintiff of this burden. *See Jackson v. Gutierrez*, 77 S.W.3d 898, 902–03 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Further, although a default judgment conclusively establishes a defendant's liability, i.e., the "causal nexus between the conduct of the defendant and the event sued upon," a "defaulting defendant does not admit that the event sued upon

---

[1]    Damages are unliquidated when they cannot be accurately calculated from the factual allegations in the petition or any written instruments in the record. *See Novosad v. Cunningham*, 38 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

caused any of the plaintiff's alleged injuries." *Morgan*, 675 S.W.2d at 732; *Interconex, Inc. v. Ugarov*, 224 S.W.3d 523, 530–31, 539–43 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Proving that the event sued upon actually caused the plaintiff's alleged injuries "is part and parcel of proving the amount of damages to which the plaintiff is entitled."[2] *Morgan*, 675 S.W.2d at 732.

Appellees, in their petition, asserted that "as a result" of Sumah's negligence, they collectively incurred "$100,000 or less" in damages, including property damage, medical expenses, physical and mental impairment, permanent disfigurement, mental anguish, lost wages, and loss of companionship. The court reporter has notified this Court that a reporter's record was not taken of any hearing in the matter. Further, nothing in the record suggests that the trial court held an evidentiary hearing. And our review of the record reveals no affidavits, medical bills, or other documentary evidence in the clerk's record regarding appellees' asserted damages. *Cf. Whitaker*, 218 S.W.3d at 220–21 ("Where a plaintiff provides evidence of his damages by affidavit, a lack of a reporter's

---

[2] In a negligence action, liability generally requires proof that the defendant's negligence was the proximate cause of the event sued upon. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731–32 (Tex. 1984). However, when a defendant does not answer the suit, this causal nexus is admitted by default. *Id.* On the other hand, the causal nexus between the event sued upon and the plaintiff's injuries refers to the damages portion of the plaintiff's cause of action. *Id.* Even when the defendant's liability has been established, proof of this causal nexus is necessary to ascertain the amount of damages to which the plaintiff is entitled. *Id.*

record in an appeal from a no-answer default judgment will not constitute error on the face of the record.").

Based upon our review of the record, we conclude that appellees presented no evidence to support the damages portion of the default judgment entered against Sumah. *See Whitaker*, 218 S.W.3d at 225 (after concluding record contained no competent evidence of damages, reversing damages portion of default judgment and remanding for new trial on damages); *see also Wilson*, 168 S.W.3d at 810.

Moreover, appellees did not assign any particular injury or damage to any particular party. The trial court, in its judgment, simply awarded appellees, collectively, "the sum of $100,000.00." Even were we to conclude that *an* award of damages was supported by some evidence, the trial court's single damages award does not provide any means of distinguishing among the four appellees and the categories of damages they alleged. *See Jackson*, 77 S.W.3d at 903–04.

Accordingly, we hold that the trial court erred in awarding appellees damages in its default judgment. *See* TEX. R. APP. P. 44.1(b) (reversal as to all matters in controversy required if non-reversible and reversible cannot be fairly separated).

We sustain Sumah's second and third issues.

Having concluded that there is no evidence in the record to support the damages awarded, we do not reach Sumah's first issue, in which she asserts that

8

appellees did not present any evidence of a causal nexus between the collision and their alleged injuries. *See Morgan*, 675 S.W.2d at 732.

## Conclusion

We reverse the portion of the trial court's judgment awarding appellees damages, and we remand for a new trial on damages.[3]


Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

---

[3] "When damages are not supported by legally sufficient evidence, the usual disposition by an appellate court is to reverse and render judgment." *Arenivar v. Providian Nat'l Bank*, 23 S.W.3d 496, 498 (Tex. App.—Amarillo 2000, no pet.). However, "when an appellate court sustains a no evidence point after an uncontested hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992) (emphasis omitted).