**BANK ONE, TEXAS, N.A., Petitioner,**

v.

**SUNBELT SAVINGS, F.S.B., Respondent.**

**No. D–1714.**

Supreme Court of Texas.

Feb. 5, 1992.

Rehearing Overruled April 1, 1992.

Stephen Cormac Carlin, Dallas, for petitioner.

George S. Henry and David B. Street, Dallas, for respondent.

ON APPLICATION FOR WRIT OF ERROR TO THE COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

PER CURIAM.

This case presents a question of the appropriate scope of a writ of garnishment served on a bank. We hold that a bank served with a writ of garnishment may rely on its deposit agreements when determining to whom it is indebted.

Sunbelt Savings obtained a personal judgment against James C. Bramlett for $15,269.96. Bramlett was sole shareholder, director, officer, and employee of Bramcon General Contractors, Inc. Post-judgment discovery indicated that Bramlett commin-

---

gled his personal funds with Bramcon funds in Bramcon accounts. Sunbelt then obtained a writ of garnishment against Bank One to collect the judgment debt. The writ of garnishment named Bramlett but not Bramcon as the judgment debtor. Bramlett did not have any accounts at Bank One. Bank One responded to the writ of garnishment stating that Bank One was not indebted to Bramlett. However, Bramcon did have accounts at Bank One.

Sunbelt pleaded the commingling in its application for writ of garnishment but did not request the court to name Bramcon as a judgment debtor. The writ directed to Bank One incorporated the application by reference but did not name Bramcon as a judgment debtor. After the writ was served on Bank One and Bank One answered that it was not indebted to Bramlett, the funds in the Bramcon accounts were withdrawn.

The trial court granted summary judgment in favor of Bank One on the ground that Bank One was not indebted to Bramlett. The court of appeals held that Sunbelt raised a fact issue as to the ownership of the Bramcon account so summary judgment was improper and reversed the judgment of the trial court. 816 S.W.2d 106. We reverse the judgment of the court of appeals and render judgment for Bank One.

■■■ Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of the debt. *Beggs v. Fite*, 130 Tex. 46, 106 S.W.2d 1039, 1042 (1937); *see* TEX.CIV.PRAC. & REM.CODE § 63.001; TEX.R.CIV.P. 661. This case requires us to determine when a bank is indebted to a third party or has possession of a third party's money. Funds placed with a bank ordinarily become general deposits which create a debtor-creditor relationship between the bank and its depositor. *Citizens Nat. Bank of Dallas v. Hill*, 505 S.W.2d 246, 248 (Tex. 1974); *Hudnall v. Tyler Bank and Trust Co.*, 458 S.W.2d 183, 186 (Tex.1970). A garnishee bank is not indebted to a judgment debtor unless some form of deposit agreement creates a debtor-creditor rela-

tionship between the bank and the judgment debtor.

When a creditor wants to challenge title to funds held by a third party, the creditor should seek a writ of garnishment naming the nominal owner not the true owner. The court is then responsible for determining true ownership. Requiring a garnishee bank to determine true ownership of its deposits improperly shifts a judicial responsibility to the garnishee.

In *Thompson v. Fulton Bag & Cotton Mills*, we held that "[t]he scope of the inquiry in a writ of garnishment is broad enough to impound funds of the debtor, held by the garnishee, even though title thereto stands nominally in a third party." 155 Tex. 365, 286 S.W.2d 411, 414 (Tex. 1956). However, we were only addressing the scope of the jurisdiction of the court issuing the writ of garnishment when a garnishee chooses to pay into the court funds to which a third party holds nominal title. *Thompson* did not hold that the garnishee is required to pay into the court funds to which title is in a third party who is not named in the writ of garnishment. This is true even when there is a question of true ownership.

Therefore, we grant the application for writ of error pursuant to Rule 170 of the Texas Rules of Appellate Procedure, and without hearing oral argument, this Court reverses the judgment of the court of appeals and renders judgment for Bank One.