OVERTON BANK AND TRUST,
N.A., Appellant,

v.

PAINEWEBBER, INC., Appellee.

No. 02–95–124–CV.

Court of Appeals of Texas,
Fort Worth.

May 9, 1996.

2. Tex.Code Crim.Proc.Ann. art. 1.15 (Vernon Supp. 1996).

3. *Id.* (emphasis added).

4. Tex.R.App.P. 40(b)(1).

Donald H. Ray, Fort Worth, for Appellant.

Will S. Montgomery, V. Elizabeth Kellow, Thomas R. Cox, III, Dallas, for Appellee.

Before DAUPHINOT, DAY and RICHARDS, JJ.

## OPINION

DAUPHINOT, Justice.

The issue in the case before us is whether Overton Bank, as garnishee, was required to pay into court or freeze funds held under the title of a nominal party who was not named in the writ of garnishment. Because we find that this case is not distinguishable from the Texas Supreme Court's opinion in *Bank One v. Sunbelt Savings*,[1] we reverse and render judgment that PaineWebber take-nothing in this action against Overton and remand to the trial court for a determination of Overton's attorney's fees.

Appellee PaineWebber obtained a final judgment against William Elsbree, III, for $27,136.44, plus interest, on June 4, 1992 in Tarrant County. In November of 1992, PaineWebber filed an application for post-judgment writ of garnishment against Appellant Overton to collect the judgment debt. PaineWebber pleaded in its application that it "had reason to believe, and does believe, that Garnishee is indebted to or has in hand effects belonging to Elsbree, which are being held nominally in the name of Remington Group, Inc. ("Remington"). This indebtedness includes, but is not limited to, all effects or monies held by Remington Group in account numbers 60009092 and 60009498."

The actual writ of garnishment, however, named only Elsbree as the judgment debtor and not Remington Group. Overton re-

---

1. 824 S.W.2d 557 (Tex.1992).

sponded to the application for writ of garnishment by admitting that it had on deposit an account numbered "60009092" and styled "Remington Group, Inc." with a balance of $4,221.74. Overton further stated that the signatures on the account were William E. Elsbree and Carl R. Coers, III, M.D. Overton concluded that it was unable to determine and ascertain whether the William E. Elsbree, who was the signatory on the account, was the same person as the judgment debtor, William Elsbree, III. Additionally, Overton's response did not list any existing accounts under William Elsbree's name and, based on that fact, it did not place a hold on any accounts.

On September 9, 1994, PaineWebber moved for summary judgment against Overton for the $4,221.74 in account number 60009092. After a hearing on the matter, the trial court granted PaineWebber's motion for summary judgment.

■ Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of the debt.[2] Funds placed with a bank ordinarily become general deposits that create a debtor-creditor relationship between the bank and its depositor.[3] A garnishee bank is not indebted to a judgment debtor unless some form of deposit agreement creates a debtor-creditor relationship between the bank and the judgment debtor.[4]

Importantly to the case before us, the Texas Supreme Court in *Bank One* held that "[a] bank served with a writ of garnishment may rely on its deposit agreements when determining to whom it is indebted."[5] The Court further held that:

> When a creditor wants to challenge title to funds held by a third party, *the creditor should seek a writ of garnishment naming the nominal owner not the true owner.*

The court is then responsible for determining true ownership. Requiring a garnishee bank to determine true ownership of its deposits improperly shifts a judicial responsibility to the garnishee.[6]

The Court in *Bank One* expressly placed the burden on the creditor to obtain a writ of garnishment naming the nominal owner and not the true owner.

■ Based on that duty, PaineWebber was required to get a writ of garnishment naming the Remington Group as the debtors, if that was in fact the account that it sought. Overton was allowed to rely on its deposit agreements in determining to whom it was indebted. And, thus, when the writ of garnishment served on Overton contained only the name of William Elsbree, Overton was required to freeze only those accounts actually bearing the name "William Elsbree."

PaineWebber contends that *Bank One* is distinguishable from this case. In *Bank One*, PaineWebber explains, the creditor failed to name the third-party corporate entity in its application for writ of garnishment, whereas PaineWebber did name the Remington Group in its application for writ of garnishment. Also, in *Bank One*, the Bank responded to the writ of garnishment by denying that it was indebted to the judgment debtor, while, in this case, Overton admitted that it had funds in account number 60009092 under the name of the Remington Group.[7] PaineWebber essentially argues that its pleadings satisfy the requirements imposed in *Bank One*.

■ We disagree because, although PaineWebber focuses its attention on the application for writ of garnishment, the Court in *Bank One* centers its inquiry solely on the writ of garnishment itself and does not appear to suggest that a party unnamed in the writ can be supplied through its mention in

2. *Bank One*, 824 S.W.2d at 558.

3. *Id.*

4. *Id.*

5. *Id.* at 557.

6. *Id.* at 558 (emphasis added).

7. PaineWebber complains that Overton never denied having William Elsbree's account. We note, however, that Overton also never admitted having an account under his name. We do agree with PaineWebber that the better practice would have been for Overton to deny having an account under Elsbree's name.

the application for writ. Again, "[w]hen a creditor wants to challenge title to funds held by a third party, the creditor should seek a writ of garnishment naming the nominal party [Remington Group] and not the true owner [William Elsbree]." [8] That was simply not done in this case. According to our understanding of *Bank One,* PaineWebber's proper remedy was to bring forth to the trial court its affidavit and deposition testimony establishing the Remington Group account to be William Elsbree's account (basically the same evidence it produced in its motion for summary judgment) and, then, have the trial court issue a writ of garnishment naming the Remington Group. Consequently, Overton's point of error is sustained. We reverse and render judgment that PaineWebber takenothing in this action against Overton and remand to the trial court for a determination of Overton's attorney's fees.

---

8. *Bank One,* 824 S.W.2d at 558.