Opinion issued April 21, 2005

















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00793-CV
__________
 
HABIBOLLAH YAZDCHI, ABBAS YAZDCHI, AND AHMAD YAZDCHI,
Appellants
 
V.
 
BANK ONE, TEXAS, N.A. AND CHASE BANK, TEXAS, N.A., Appellees
 

 
 
On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2001-60971-A
 

 
 
O P I N I O N
          Appellants, Habibollah Yazdchi (“Habibollah”), Abbas Yazdchi (“Abbas”),
and Ahmad Yazdchi (“Ahmad”) (collectively “the Yazdchis”), challenge the trial
court’s rendition of summary judgment in favor of appellees, Bank One, Texas, N.A.
(“Bank One”), and J.P. Morgan Chase Bank, successor by merger to Chase Bank of
Texas, N.A. (“Chase”) (collectively, “the Banks”), in the Yazdchis’ breach of contract
suit to recover funds transferred to a court-appointed receiver from accounts held
under their names at Bank One and Chase. In two issues, appellants contend that the
trial court erred (1) in granting summary judgment in favor of the Banks and (2) in
denying their motion to set aside the nonsuit of Habibollah’s claims against Chase. 
We affirm.
Factual and Procedural Background
          Before the actions giving rise to this lawsuit, the State of Texas, in November
1999, filed suit against Ali Yazdchi (“Ali”),


 a son of Habibollah and a brother of
Abbas and Ahmad, in which the court entered a temporary restraining order against
Ali after finding that Ali may have been violating various provisions of the Deceptive
Trade Practices–Consumer Protection Act.


 In this separate lawsuit (the “Ali
action”), the court concluded that, unless it restrained Ali from engaging in certain
acts


 and froze Ali’s assets, Ali would “continue to use deception in the sale of motor
vehicles to consumers” and “secrete his assets before a judgment for restitution
[could] be entered.”


 The court ordered numerous financial institutions, including
Bank One and Chase, that were “holding money in the name of and/or for the benefit
of the above named Defendant,” to freeze funds “belonging to or owned by, in the
possession or custody of, standing in the name of, or claimed by said Defendant, or
any of Defendant’s aliases.”


 The order identified and “covered” twenty-four
accounts, by account number, at eighteen separate financial institutions, including
four “known” accounts at Bank One and two “known” accounts at Chase. 
          After conducting a hearing and considering evidence, the court entered a
temporary injunction and appointed a temporary receiver.


 The court found, among
other things, that it appeared Ali “fraudulently kept all monies given to him by
consumers . . . and deposited same into bank accounts owned and controlled by
[him],” “sought to conceal and/or dissipate assets,” “used a number of different
aliases and false addresses to conceal his identity, assets and whereabouts,” and
“sought to avoid paying creditors and judgments filed against him.” The court also
found that “if assets currently in the name (or alias name) of defendant and controlled
by defendant are not frozen pending final trial, that said assets are subject to secretion
and dissipation by the defendant.” The court ordered financial institutions “holding
money in the name of and/or for the benefit of the above named Defendant”


 to freeze
funds “belonging to or owned by, in the possession or custody of, standing in the
name of, or claimed by said Defendant, or any of Defendant’s aliases.”


 The court
appointed the Honorable David West as the temporary receiver “of Ali Yazdchi and
any assets standing in the name of Ali Yazdchi or any alias of Ali Yazdchi.”


 The
court authorized West to “take possession and charge of all property and assets of
defendant Ali Yazdchi . . . including, but not limited to, any deposits made by or for
Ali Yazdchi (or any alias name of Ali Yazdchi) with any bank . . . including all assets
standing in an alias name of defendant.” The temporary injunction contained a
section titled “Direction to all Depository Institutions,” which prohibited the Banks
from transferring any property belonging to Ali “or standing in any alias name of”
Ali. The temporary injunction also contained a section titled “Turn Over Order and
Authority for Third Parties,” which commanded all third parties, including the Banks,
holding assets belonging to Ali, “jointly or singularly, or standing in the name of an
alias of Defendant . . . to immediately place all such assets in the custody” of the
receiver. After the temporary injunction was entered and the receiver appointed, the
receiver acquired possession of funds on deposit with the Banks in accounts held
under the name of Ali or appellants.


 
          The Ali action concluded with the entry of an Agreed Final Judgment,
Permanent Injunction, and Appointment of Permanent Receiver. In the final
judgment, the court ordered that Ali, “his assigns, officers, agents, servants,
employees, relatives


 . . . and any other persons in active concert or participation with
him” be restrained from engaging in various acts including “[u]sing any type of name,
other than ‘Ali Yazdchi’ in any type of transaction . . . ,” “[r]epresenting, expressly
or by implication, that defendant is any other person, other than ‘Ali Yazdchi,’”
“[a]cquiring, obtaining, or using any credit card under any name other than ‘Ali
Yazdchi,’” “[c]reating, altering, falsifying, modifying or changing real estate records
. . . , using alias names, hiding one’s identity or clouding title to realty,” and using
incorrect social security numbers, Texas driver’s license numbers or birth dates. The
court also directed the distribution of the “frozen funds.”



          Over two years after entry of the final judgment, appellants brought this suit
against Bank One and Chase, as well as the State and David West, seeking to recover
the funds that had been transferred from the Banks to West pursuant to the temporary
injunction. The Banks filed separate summary judgment motions. Bank One
asserted that appellants’ claims were barred because it turned over funds held in
accounts in Ali’s name or appellants’ names pursuant to a court order. Bank One
argued that it was required to comply with the restraining order and temporary
injunction, and that it was not required to conduct an investigation into the ownership
of the accounts prior to complying. Bank One also argued that section 31.010 of the
Texas Civil Practice and Remedies Code


 protected it from liability to appellants for
compliance with the court orders. 
          Chase made similar arguments in its summary judgment motion. Additionally,
Chase argued that its depository contract with Habibollah protected it from liability
to Habibollah


 and that Habibollah’s claims were barred by section 59.008 of the
Texas Finance Code


 because Habibollah failed to take any action to prevent it from
complying with the court orders.


 
          The court rendered summary judgment in favor of the Banks, severed
appellants’ claims against the Banks from their claims against the other defendants,
and entered a final judgment. Subsequently, Habibollah filed a motion for nonsuit,
requesting that the court dismiss his claims against Chase with prejudice, which the
court granted. After the nonsuit was granted, Habibollah changed counsel and filed
a motion to set aside the nonsuit, claiming that his previous attorney did not have
authority to file the nonsuit. The record does not contain a ruling by the trial court
on this motion. 
Standard of Review
          A party moving for summary judgment has the burden of proving that there is
no genuine issue of material fact and that the movant is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548 (Tex. 1985); Farah v. Mafrige & Kormanik, 927 S.W.2d 663, 670 (Tex.
App.—Houston [1st Dist.] 1996, no writ). When deciding whether there is a
disputed, material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true. Nixon, 690 S.W.2d at 548-49. Every reasonable
inference must be indulged in favor of the non-movant and any doubts must be
resolved in its favor. Id. at 549. When a defendant moves for summary judgment,
it must either (1) disprove at least one element of the plaintiff’s cause of action or (2)
plead and conclusively establish each essential element of its affirmative defense,
thereby defeating the plaintiff’s cause of action. Cathey v. Booth, 900 S.W.2d 339,
341 (Tex. 1995); Farah, 927 S.W.2d at 670.
          Here, the summary judgment order did not specify the grounds upon which the
trial court relied, and thus the appellants, as the non-movants, are required to show
that each summary judgment ground alleged was insufficient to support summary
judgment. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).
Accordingly, we will affirm the trial court’s summary judgment order if any of the
grounds presented in the supporting motion was meritorious. Harwell v. State Farm
Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995); Carr v. Brasher, 776 S.W.2d
567, 569 (Tex. 1989).
Turn Over
          Appellants contend that the trial court erred in rendering summary judgment
in favor of the Banks on their breach of contract claims for several reasons. First,
appellants argue that their rights to the funds on deposit with the Banks were not
adjudicated in the Ali action because they were neither parties nor privies to the Ali
action, and therefore no order entered in that case could affect their legal rights.


 
Second, appellants argue that the Banks misinterpreted the orders entered in the Ali
action as applying to funds held in accounts under their names, when such orders only
applied to assets actually owned by, or in the possession of Ali. Appellants assert that
the temporary injunction contained a “latent ambiguity” created by reference to Ali’s
aliases and that the lawful interpretation of the temporary injunction is that the order
transferred assets standing in an alias name only when Ali was actually using the alias
name as an alias. Appellants conclude that the Banks unlawfully transferred assets
standing in their names without regard to whether Ali actually owned or was in
possession of those assets. Third, appellants contend, by analogizing to garnishment
law, that neither Bank was obligated by law to turn over funds in accounts held in
their names. Appellants allege that the Banks “were on notice of conflicting claims
of ownership to these accounts” by the account holders, and thus the Banks had a
right and duty to interplead the funds. Fourth, appellants dispute the application of
the statutory defenses cited by the Banks.



          We agree with the parties that the primary legal issue in this case concerns the
legal effect of the orders, and primarily the temporary injunction, issued in the Ali
action. We begin our analysis with consideration of the statutes that the Banks
contend protect them from liability to the appellants for compliance with the court’s
orders entered in the Ali action.



          A financial institution


 that complies with an order to turn over assets to a
receiver is not liable for such compliance to:
          (1)     the judgment debtor;
          (2)     a party claiming through the judgment debtor;
          (3)     a co-depositor with the judgment debtor; or
          (4)     a co-borrower with a judgment debtor.
Tex. Civ. Prac. & Rem. Code Ann. § 31.010 (Vernon Supp. 2004-2005). 
Additionally, when a claim is made against a customer


 of a financial institution,
“[t]he customer bears the burden of preventing or limiting a financial institution’s
compliance with or response to [such] claim. . . .” Tex. Fin. Code Ann. § 59.008(c)
(Vernon Supp. 2004-2005).
          Appellants argue that the protections afforded in section 31.010 do not apply
because appellants are not suing the Banks for “compliance with a court order”; 
rather, appellants contend that no court order compelled the transfer of funds to the
receiver. Appellants further assert that they do not fit the description of the four
classes of persons to whom section 31.010 applies, and thus their claims against the
Banks are not barred. Similarly, appellants argue that section 59.008 of the Finance
Code does not apply because when the Banks transferred the funds based on an
alleged misinterpretation of the orders, the Banks were taking actions that were not
compelled by the orders, and thus they were not “complying with a court order.” 
Appellants also assert that none of the turn over orders entered in the Ali action make
a claim against them, the “customers” of the Banks, but instead make a claim against
Ali, who appellants allege was not a customer of the Banks. 
          When we construe a statute, our primary goal is to ascertain and give effect to
the legislature’s intent in enacting it. In re Canales, 52 S.W.3d 698, 702 (Tex. 2001). 
If a statute is clear and unambiguous, we need not resort to rules of construction or
other aids to construe it. Id. However, we may consider, among other things, the
statute’s objectives, the legislative history, and the consequences of a particular
construction. Id.  
          A plain reading of section 31.010 reveals that the protections afforded by the
statute apply to protect the Banks from liability to appellants for complying with the
orders issued in the Ali action. The turn over orders are unambiguous and expressly
required financial institutions, including the Banks, holding assets belonging to Ali,
jointly or singularly, or standing in the name of any alias of Ali, including the names
of the appellants, to immediately place all such assets in the custody of the receiver.


 
The Banks complied with the orders by turning over all such assets. 
          The protections afforded under section 31.010 entitled the Banks to comply
with the plain language of the orders entered in the Ali action and to presume that
prior to entry of those orders, the court found that the funds in the accounts held
under appellants’ names were effectively in Ali’s possession or were subject to his
control. See Tex. Civ. Prac. & Rem. Code Ann. 31.010(b). While there is no
evidence that the Banks participated in the Ali action or sought to determine the
rationale for the court’s decision to enter the temporary injunction, they were not
required to do so. The Banks received a copy of the order, indicating that the court
had found that Ali was using accounts at their institutions, under alias names, to
deposit funds from illegal activities. The court commanded the Banks to turn over
funds held in these accounts. Section 31.010 permitted the Banks to rely on the
court’s orders without conducting an independent investigation and without fearing
that they would be subject to liability for complying with the plain language of the
orders.


 
          Contrary to appellants’ argument, the Banks were not required to disprove
appellants’ allegations of ownership in order to be entitled to summary judgment. 
Section 31.010 applies to protect the Banks from liability from a broad class of
persons, not simply the named judgment debtor or the named account holder. Tex.
Civ. Prac. & Rem. Code Ann. § 31.010(b). The statute’s inclusion of a broad class
of persons indicates that the statute seeks to encourage a financial institution to
comply with a turn over order even when there might be competing or unresolved
claims to the accounts identified in the order.


 For example, under the statute, if an
order compels a financial institution to turn over all accounts held by a judgment
debtor, and the financial institution turns over funds held by the judgment debtor in
a joint account, the financial institution would be protected from liability for claims
brought by the joint account holder. Tex. Civ. Prac. & Rem. Code Ann. §
31.010(b)(3). In this case, while Ali and appellants were not named joint account
holders, the court in the Ali action necessarily found that the funds in “appellants’
accounts” were actually in Ali’s possession or subject to Ali’s control. Thus,
appellants can be characterized as “co-depositors” on the accounts that were subject
to the turn over order, and appellants’ claims are barred by section 31.010. See id.


           Moreover, section 59.008 of the Finance Code also protects the Banks from
liability on the appellants’ breach of contract cause of action. Section 59.008 states:
The customer bears the burden of preventing or limiting a financial
institution’s compliance with or response to a claim subject to this
section by seeking an appropriate remedy, including a restraining order,
injunction, protective order, or other remedy, to prevent or suspend the
financial institution’s response to a claim against the customer.
Tex. Fin. Code Ann. 59.008(c). Section 59.008 unequivocally places the burden on
a customer of a financial institution to prevent a financial institution from complying
with or responding to notices of freeze, receivership, restraining orders, and
injunctions asserting or establishing claims against customer accounts. Id. 
Appellants did not present any evidence nor do they contend that they took any
action, other than the filing of this lawsuit over two years after the entry of the
temporary injunction and the final judgment, to prevent the Banks from complying
with the orders.


 
          Finally, precedent in the garnishment context, which the parties agree is
analogous to the facts presented in this case, supports the Banks’ contention that they
were not required to conduct an investigation into the ownership of the funds prior
to complying with the court’s orders in the Ali action. In Bank One, Texas, N.A. v.
Sunbelt Savings, F.S.B., 824 S.W.2d 557, 557-58 (Tex. 1992), an individual judgment
debtor commingled his personal assets with company assets in a company account at
Bank One. The plaintiff obtained a writ of garnishment against Bank One to collect
against the individual judgment debtor, but instead of naming the company in the
writ, the plaintiff merely named the individual judgment debtor, who did not maintain
an individual account at Bank One. Id. at 558. Bank One answered the writ by
stating that it was not indebted to the company. Id. The supreme court affirmed
judgment in favor of Bank One, holding:
When a creditor wants to challenge title to funds held by a third party,
the creditor should seek a writ of garnishment naming the nominal
owner, not the true owner. The court is then responsible for determining
true ownership. Requiring a garnishee bank to determine true ownership
of its deposits improperly shifts judicial responsibility to the garnishee. 
 
Id.; see also Newsome v. Charter Bank Colonial, 940 S.W.2d 157, 162 (Tex.
App.—Houston [14th Dist.] 1996, writ denied) (finding bank’s failure to impound
funds held in accounts of person not named in writ of garnishment did not violate the
writ). Similarly, here the Banks received the restraining order and the temporary
injunction, and based on the plain language of those orders, the Banks froze accounts
held under appellants’ names and turned over the funds in those accounts to the court-appointed receiver. The face of the orders commanded them to do so. Requiring the
Banks to inquire into the true ownership of the accounts would improperly shift
judicial responsibility to the Banks.
          Accordingly, we hold that the Banks, as a matter of law, are not liable for the
funds transferred from the appellants’ accounts to the court-appointed receiver
pursuant to the orders entered in the Ali Action. Although the orders entered in the
Ali action did not adjudicate the appellants’ ownership rights to the funds transferred
by the Banks to the receiver, the Banks, under Civil Practice and Remedies Code
section 31.010 and Finance Code section 59.008 and under common law, are
protected from liability to the appellants for compliance with those orders.


 We
further hold that the trial court did not err in granting summary judgment for the
Banks on the appellants’ claim for breach of contract. 
          We overrule appellants’ first issue.
Nonsuit
          In his second issue, Habibollah contends that the nonsuit of his claims against
Chase vacated the summary judgment entered in favor of Chase, that the trial court
should have granted his motion to set aside the nonsuit, and that his claims against
Chase should be remanded to the trial court for further consideration. However, it is
well settled that a party may not escape the effects of an unfavorable ruling on the
merits by taking a nonsuit of its claims. See Hyundai Motor Co. v. Alvarado, 892
S.W.2d 853, 855 (Tex. 1995) (stating that a decision on the merits, such as a summary
judgment, is not vitiated by a nonsuit; rather, “[o]nce a judge announces a decision
that adjudicates a claim, that claim is no longer subject to the plaintiff’s right to
nonsuit.”). Thus, Habibollah’s contention that the nonsuit of his claims against Chase
vacated the previous final summary judgment entered in favor of Chase lacks merit.


 
          Having held that the trial court did not err in rendering summary judgment in
favor of the Banks, we overrule appellant’s second issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice


Panel consists of Justices Nuchia, Jennings, and Alcala.