

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00378-CV

_____

IN RE REPLENISH HYDRATION LLC AND BOULDEN WELLNESS PRACTICE
PLLC, Relators

---

Original Proceeding
96th District Court of Tarrant County, Texas
Trial Court No. 096-345167-23

---

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Relators Replenish Hydration LLC (Replenish) and Boulden Wellness Practice PLLC (Wellness) have filed a petition for writ of mandamus and a motion for temporary relief. We conditionally grant the relief requested in the petition for writ of mandamus in part and deny the motion for temporary relief as moot.

## I. BACKGROUND

In the trial court, real party in interest Balboa Capital Corporation (Balboa) applied for a writ of garnishment against three banks, one of which was Vista Bank. Balboa identified Kelly D. Boulden M.D., PLLC, and Kelly D. Boulden, individually, as the judgment debtors. Balboa did not plead that a third party held nominal ownership of accounts for either judgment debtor. After the writ issued to the banks, Vista Bank froze the bank accounts of Replenish and Wellness.[1]

In response to the freezing of their bank accounts, Replenish and Wellness filed a motion to dissolve or modify the writ of garnishment. After an evidentiary hearing at which Vista Bank's counsel explained to the trial court that it broadly interpreted the writ as applying to Replenish's and Wellness's accounts because its

---

[1]Vista Bank has not yet filed an answer to the garnishment action. Therefore, although this is a postjudgment garnishment proceeding, the proceeding itself is not yet final. The trial court would have to sign a final order—following a summary judgment, trial, or some other procedure—deciding the fate of the other garnishees. *See Strobach v. WesTex Cmty. Credit Union*, 621 S.W.3d 856, 867–70 (Tex. App.—El Paso 2021, pet. denied) (describing garnishment procedure).

records showed that Boulden individually is a beneficial owner of the two accounts,[2] the trial court denied Replenish and Wellness's motion.

Next, Replenish and Wellness filed this petition for writ of mandamus seeking an order directing the trial court to vacate its order denying their motion to dissolve and to sign an order granting their motion. They also seek an order compelling Vista Bank to release its freeze on their accounts.

## II. DISCUSSION[3]

### A. ABUSE OF DISCRETION

We hold that the trial court abused its discretion by failing to dissolve the part of the writ issued to Vista Bank. When seeking to garnish accounts in the name of a third party, the creditor must seek to have the writ name that third party as the nominal holder. *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992); *Overton Bank & Tr., N.A. v. PaineWebber, Inc.*, 922 S.W.2d 311, 313–14 (Tex. App.—Fort Worth 1996, no writ). Not only did Balboa not seek a writ of garnishment naming Replenish and Wellness as nominal holders, but also neither Replenish nor Wellness is named in the writ of garnishment. At the hearing, Vista

---

[2]Boulden is the sole owner of Replenish and Wellness.

[3]"Mandamus relief is available only if the court clearly abused its discretion and the party has no adequate remedy by appeal." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

Bank acknowledged that the only two accounts it holds are for Replenish and Wellness.

## B. INADEQUATE REMEDY BY APPEAL

We also hold that Replenish and Wellness do not have an adequate remedy by appeal as to the accounts at Vista Bank. *In re Tex. Am. Exp., Inc.*, 190 S.W.3d 720, 727–28 (Tex. App.—Dallas 2005, orig. proceeding) (involving a prejudgment writ of garnishment and the denial of a motion to dissolve and determining that appeal was inadequate because third party's personal account was being held and was unavailable during proceedings before liability had been established); *see also S.R.S. World Wheels, Inc. v. Enlow*, 946 S.W.2d 574, 575 (Tex. App.—Fort Worth 1997, orig. proceeding) (involving prejudgment writ and denial of motion to dissolve); *Fogel v. White*, 745 S.W.2d 444, 445, 447 (Tex. App.—Houston [14th Dist.] 1988, orig. proceeding) (involving prejudgment writ and failure to grant motion to dissolve writ).

## III. DISPOSITION

We thus conditionally grant the relief requested in the petition in part. We order the trial court to immediately

- vacate the part of its October 6, 2023 order denying Replenish and Wellness's motion to dissolve the writ of garnishment as to Vista Bank and

- grant their motion in part and dissolve the writ of garnishment as to Vista Bank.

Regarding Replenish and Wellness's request that we grant mandamus relief ordering Vista Bank to immediately release the administrative freeze on their

accounts, we have no jurisdiction to do so. *See* Tex. Gov't Code Ann. § 22.221(b). Upon dissolution of this part of the writ of garnishment, Vista Bank will not be bound by Section 63.003(a) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 63.003(a); *see also Strobach*, 621 S.W.3d at 869.

Having granted the relief requested in the petition in part, we deny Replenish and Wellness's motion for temporary relief as moot. We vacate our October 11, 2023 order freezing Replenish's and Wellness's bank accounts at Vista Bank.

A writ of mandamus will issue only if the trial court fails to comply with this Court's order.

/s/ Brian Walker
Brian Walker
Justice

Delivered: October 20, 2023