

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00547-CV

**TD BANK, NA**,
Appellant

v.

**WEINRITTER ST. PAUL SQUARE, LLC**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CI-08693
Honorable Rosie Alvarado, Judge Presiding

Opinion by:    Velia J. Meza, Justice

Sitting:       Lori I. Valenzuela, Justice
              Adrian A. Spears II, Justice
              Velia J. Meza, Justice

Delivered and Filed: June 3, 2026

REVERSED AND REMANDED

This is an appeal from a no-answer default judgment in a garnishment case. The garnishee, TD Bank, N.A. ("TD Bank"), appeals, contending the trial court's judgment contains several reversible errors, and it seeks a remand. Among other things, it contends that the default judgment does not comport with the garnishment application filed by the garnishor, Weinritter St. Paul Square, LLC ("Weinritter"). We agree and, accordingly, reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

On April 24, 2024, Weinritter filed an application for writ of garnishment and attached to its application a final judgment signed on April 9, 2024, in a separate case. Nearly a year later, the trial court signed a default judgment that awards Weinritter judgment in the amount of $3,471,634.32 against TD Bank.

In order to address whether the default judgment comports with Weinritter's pleading, we present the relevant documents in fine detail. Weinritter's application for writ of garnishment states Weinritter, "makes an application for the issuance of a writ of garnishment against Elias Abadi, The Abadi Group of Companies, The HKO Group, LLC., and Alan Levy, garnishees [sic]." The application next identifies the "Garnishor" as Weinritter and the "Garnishee" as TD Bank. It identifies the "Judgment" as follows:

> **The Judgment.** On April 9, 2024, in the 37th Judicial District Court of Bexar County, Texas, in *Weinritter St. Paul Square, LLC v. The Abadi Group, et al.;* Cause No. 2021-CI-19896 [Weinritter] obtained and now has a personal judgment against each of the following Judgment Debtors in an amount totaling $4.3. Million (the Judgment). A copy of the Judgment is attached.

The "Judgment Debtors" are identified next as "Elias Abadi," "Alan Levy," "Luca Ranallo," "The HKO Group, LLC," and "The Abadi Group of Companies." The application alleges that "The HKO Group, LLC," and "The Abadi Group of Companies." owe $3,471,634.32. According to the garnishment application, "Each of the Judgment Debtors is jointly and severally liable for the amounts shown, up to $3,471,634.32." The application concludes: "[Weinritter] requests the writ of garnishments be issued to the Garnishee and that [Weinritter] have judgment against garnishees to satisfy the Judgment as provided by law, together with all costs of court, and such other relief to which [Weinritter] may be justly entitled."

Attached to Weinritter's garnishment application is a nine-page final judgment, signed on April 9, 2024.[1] The style lists Weinritter as the plaintiff and as defendants: "The Abadi Group, Elias Abadi, Gianluca Ranallo, Alan Levy, Melanie Levy, HKO Group, LLC, Level Construction Contractors, LLC, Level Construction & HKO Group, LLC., and Littman Studios, LLC." The first paragraph of the final judgment states: "The Defendants, The Abadi Group of Companies, LLC, Elias Abadi, Alan G. Levy, Gianluca Ranallo, and Melanie Levy, all appeared by their attorneys of record and announced they were ready for trial." The pages that follow render judgment. Relevant to this appeal, the judgment includes an award of $1,899,227.00 against "each of the Defendants (except Melanie Levy), jointly and severally," and an award of $633,149.37 against "the Defendants, The Abadi Group of Companies, LLC. and Elias Abadi, jointly and severally." The final judgment also states that it awards:

exemplary damages found by the Jury in the following amounts:

The Abadi Group of Companies, LLC. $500,000.00

Elias Abadi Group of Companies $500,000.00

Alan G. Levy $250,000.00

These amounts are in addition to any other awards set out in this Final Judgment and are not joint and several.

Additionally, the judgment awards attorney's fees against "the Defendants, (except Melanie Levy) jointly and severally" in the amount of $439,257.95.

---

[1] A direct appeal from this final judgment is currently pending in our court under Cause No. 04-24-00447-CV. We note that the appellees in that case have posted a supersedeas bond, which may impact proceedings upon remand. *See* TEX. R. CIV. P. 657 (providing judgment in an underlying case "shall be deemed final and subsisting for the purpose of garnishment from and after the date it is signed, unless a supersedeas bond shall have been approved and filed"); *id.* R. 664a (providing judgment debtor may file a motion to dissolve or modify the writ of garnishment); *Brown v. Wells Fargo Bank, N.A.*, No. 01-18-01002-CV, 2020 WL 6589330, at *2 (Tex. App.—Houston [1st Dist.] Sept. 1, 2020, no pet.) (mem. op.) ("[I]f the judgment debtors supersede the judgment in the underlying case after a writ of garnishment issues, the trial court may dissolve the writ on the judgment debtors' motion."); *see also* TEX. R. APP. P. 24.1 ("Enforcement begun before the judgment is superseded must cease when the judgment is superseded.").

The next document in the clerk's record is a "Default Judgment in Garnishment Case."[2] The judgment states that TB Bank was legally cited, failed to appear, and wholly made default. It then states:

> The Court has read the pleadings, taken judicial notice of the papers on file, and heard the evidence presented the Court finds as follows:
>
> 1. On April 9, 2024, in the 37th Judicial District Court of Bexar County, Texas, in *Weinritter St. Paul Square, LLC v. The Abadi Group, et al.;* Cause No. 2021-CI-19896 [Weinritter] obtained a judgment against The Abadi Group Companies, LLC., who pursuant to a New Jersey Department Of The Treasury Division Of Revenue and Enterprise Services Certificate Of Alternate Name, of which the Court takes judicial notice, does business as The Abadi Group Companies, LLC. in an amount totaling $4.3. Million (the Judgment).
>
> . . .
>
> 4. On April 29, 2024, The Abadi Group Companies, LLC. and The Abadi Group Companies, *d.b.a.* The HKO Group, LLC were found to be liable to the Plaintiff for up to $3,471,634.32 plus interest at the rate of 8% per annum from the date of the Judgment. The Judgment is a final, valid, and subsisting, wholly unsatisfied judgment.
>
> . . .
>
> 6. The Bank is a National Banking Association that, at the time it was served with the Application and Writ of Garnishment after Judgment, was indebted to or has in-hand effects belonging to the Judgment Debtor.
>
> . . .
>
> It is therefore ORDERED, ADJUDGED, and DECREED that WEINREITTER ST. PAUL'S SQUARE, LLC. [sic] is hereby awarded judgment over and against TD BANK, N.A. in the amount of $ 3,471,634.32.

The default judgment was signed on February 24, 2025. On August 22, 2025, TD Bank timely filed a notice of restricted appeal. *See* TEX. R. APP. P. 26.1(c).

---

[2] The trial court's docket sheet reflects a return of service for TD Bank; however, the return of service is not included in the appellate record. The record does not reflect that any judgment debtor was served. *See* TEX. R. CIV. P. 663a (providing judgment debtor must be served with a copy of the writ of garnishment, the application, accompanying affidavits, and orders of the trial court as soon as practicable after service of the writ on the garnishee).

## DISCUSSION

"A restricted appeal permits a direct attack on a default judgment when the deadline for filing an ordinary appeal has passed." *Shamrock Enterprises, LLC v. Top Notch Movers, LLC*, 728 S.W.3d 693, 696 (Tex. 2026) (citing TEX. R. APP. P. 30). To sustain a restricted appeal, the filing party must show that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam)). The face of the record consists of all papers on file in the appeal. *Invesco Inv. Services, Inc. v. Fid. Deposit & Discount Bank*, 355 S.W.3d 257, 259 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Here, the parties only contest the fourth element. In a single issue, TD Bank contends that the $3,471,634.32 damages award in the default judgment is an error that is apparent on the face of the record because the award is statutorily precluded. *See* TEX. FIN. CODE ANN. § 276.002(a) ("Notwithstanding the Texas Rules of Civil Procedure, if a financial institution fails to timely file an answer to a writ of garnishment issued before or after a judgment is rendered in the case, a court may enter a default judgment against the financial institution solely as to the existence of liability and not as to the amount of damages."). Weinritter concedes this error. However, we do not reach the matter of damages because we reverse and remand on a matter that precedes damages: liability. *See* TEX. R. APP. P. 47.1 (providing opinion should address only those issues necessary for final disposition); *Heritage Hous. Dev., Inc. v. Carr*, 199 S.W.3d 560, 572 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (reversing and remanding for new trial to determine the apportionment of

liability and not reaching issues on appeal that related to damages); *cf.* TEX. R. APP. P. 44.1(b) (providing appellate court may not order a separate trial on unliquidated damages if liability is also contested).[3]

Although TD Bank has stated only a single broad issue contesting damages,[4] within this issue it makes several discrete arguments, which we consider as subsidiary issues. *See* TEX. R. APP. P. 38.1(i) (providing statement of issue will be treated as covering every subsidiary question that is fairly included). Among these are questions concerning liability. TD Bank argues — and we agree — that error is apparent of the face of the record because the default judgment does not conform to Weinritter's pleading, specifically that the judgment debtors listed in Weinritter's garnishment application are not the same as the judgment debtor listed in the default judgment. TD Bank requests reversal of the default judgment and a remand to the trial court for further proceedings.[5]

To resolve TD Bank's issue concerning whether the judgment comports with the pleading, we consider first the applicable law as to garnishment, default judgments, and pleading standards,

---

[3] Furthermore, we do not address arguments related to damages because, even though Weinritter concedes error, Weinritter argues that remand should be limited solely to further development of the evidence on damages, in accordance with Texas Finance Code section 276.002. *See Regions Bank v. Centerpoint Apartments*, 290 S.W.3d 510, 515 (Tex. App.—Amarillo 2009, no pet.) (remanding for new trial on damages where default judgment included damages proscribed by Texas Finance Code section 276.002); *see also Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992) (remanding for new trial on unliquidated damages after reversing default judgment that improperly awarded such damages). Because TD Bank's arguments contesting liability would provide for more relief in the form of a greater scope of remand, we must consider those arguments first. *See Huynh v. Blanchard*, 694 S.W.3d 648, 690 (Tex. 2024) ("[T]hese arguments . . . must be addressed first because they would provide greater relief."); *see also Valk v. Copper Creek Distribs., Inc.*, No. 24-0516, 2026 WL 1041612, at *4 (Tex. Apr. 17, 2026) ("Our rules of procedure require appellate courts to afford as much relief as possible[.]").

[4] TD Bank's issue is: "May the trial court award a sum certain dollar amount of damages against a financial institution garnishee when the garnishee fails to respond to a post-judgment writ of garnishment?"

[5] TD Bank also argues that it was not found liable because the default judgment was unclear as to the identity of the garnishee; however, we do not reach this argument because TD Bank requests the same relief of reversal and remand that we order based on its argument concerning comportment of the judgment to the pleading. *See* TEX. R. APP. P. 47.1; *Mittelsted v. Meriwether*, 661 S.W.3d 867, 905 n.6 (Tex. App.—Houston [14th Dist.] 2023, pet. denied) (not reaching issue that would result in the same appellate judgment).

and then we apply the pleading standards to the circumstance of a default judgement in a garnishment case and on this record.

## I.     Applicable Law

### *A.     Garnishment*

Garnishment is a purely statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of the debt. *Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex. 1992) (per curiam); *Cadle Co. v. Int'l Bank of Commerce*, No. 04-06-00456-CV, 2007 WL 752260, at *2 (Tex. App.—San Antonio Mar. 14, 2007, pet. denied).  Thus, "garnishment necessarily involves three parties: a creditor, a debtor, and a third person who has some obligation to the debtor." *Orange Cnty. v. Ware*, 819 S.W.2d 472, 474 (Tex. 1991).  "Garnishment is a creditor's action against his debtor's debtor to obtain payment of what is owed the creditor." *Id.*  Because a garnishment action may bring into court strangers to the main suit, "[i]t has long been recognized in this state that the remedy of garnishment is summary and harsh, and should not be sustained unless there is strict compliance with the statutory requirements." *Cadle Co.*, 2007 WL 752260, at *2 (quoting *In re Tex. Am. Exp., Inc.,* 190 S.W.3d 720, 725 (Tex. App.—Dallas 2005, orig. proceeding); *see Flores v. De La Ossa*, No. 04-21-00111-CV, 2022 WL 1559103, at *2 (Tex. App.—San Antonio May 18, 2022, no pet.).

Garnishment proceedings are governed by Chapter 63 of the Texas Civil Practice and Remedies Code and Texas Rules of Civil Procedure 657 through 679.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 63.001–.008; TEX. R. CIV. P. 657–79; *Ascentium Cap. LLC v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 14-22-00640-CV, 2024 WL 337204, at *2 (Tex. App.—Houston [14th Dist.] Jan. 30, 2024, no pet.).  When a plaintiff has obtained a "valid, subsisting judgment" against a defendant in a lawsuit, it may file an application with the trial court, requesting that the

court issue a writ of garnishment directed to the garnishee who is allegedly in possession of the defendant-debtor's property. *See* TEX. R. CIV. P. 658; TEX. CIV. PRAC. & REM. CODE ANN. § 63.001(3); *Ascentium Cap.*, 2024 WL 337204, at *2. If an application is properly made, a new case is docketed, and a writ is issued commanding the garnishee to answer what, if anything, the garnishee is indebted to the defendant. TEX. R. CIV. P. 659. The writ must then be delivered to the garnishee, and served on the defendant. *Id.* R. 662, 663a. The defendant may replevy or file a motion to dissolve or modify the writ of garnishment. *Id.* R. 664, 664a. The garnishee may answer, and if its answer is controverted, the issue of whether the garnishee is indebted to the defendant is tried. *See id.* R. 674, 676; *Ascentium Cap.*, 2024 WL 337204, at *2. If the garnishee fails to answer, the trial court may render a default judgment. *Id.* R. 667. Once the trial court issues a garnishment judgment, the garnishee must pay the garnishor in accordance with the judgment. *Id.* R. 668; *see Strobach v. WesTex Cmty. Credit Union*, 621 S.W.3d 856, 869 (Tex. App.—El Paso 2021, pet. denied).

> B.     *Default Judgment*

There are two primary types of default judgments: a no-answer default judgment and a post-answer default judgment. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183–84 (Tex. 2012); *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam). This case concerns a no-answer default judgment. "No-answer default judgments are disfavored" under Texas law. *In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 920 (Tex. 2024) (citation omitted). "[A]ny doubts about a default judgment must be resolved against the party who secured the default." *Id.* at 922.

A no-answer default judgment is "caused by a defendant's failure to answer after service." *Paradigm Oil, Inc.*, 372 S.W.3d at 183; *see also* TEX. R. CIV. P. 239. The non-answering defendant

"is said to have admitted both the truth of facts set out in the petition and the defendant's liability on any cause of action properly alleged by those facts." *Paradigm Oil*, 372 S.W.3d at 183. Consequently, "[w]hen a no-answer default judgment is rendered, the defendant's liability for all causes of action pled is conclusively established and all allegations of fact in the petition, except the amount of unliquidated damages, are deemed admitted." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 242 S.W.3d 67, 72 (Tex. App.—San Antonio 2007, pet. denied) (citing *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984)).

   C.   *Pleading Standards*

Like all judgments, a default judgment must conform to the pleadings, and error is apparent of the face of the record if the judgment does not. TEX. R. CIV. P. 301; *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979); *Bank of New York Mellon v. Soniavou Books, LLC*, 403 S.W.3d 900, 904 (Tex. App.—Houston [14th Dist.] 2013, no pet.). "[A] petition is sufficient if a cause of action may reasonably be inferred from what is specifically stated in the petition, 'even if an element of the cause of action is not specifically alleged.'" *Dodd v. Savino*, 426 S.W.3d 275, 292 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (quoting *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993)); *see also* TEX. R. CIV. P. 45(b) ("That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole."). "[M]ere formalities, minor defects and technical insufficiencies will not invalidate a default judgment when the petition states a cause of action and gives fair notice to the opposing party of the relief sought." *Stoner*, 578 S.W.2d at 683. In determining whether a pleading is adequate, we examine whether an opposing attorney of reasonable competence, on review of the pleading, can ascertain the nature and the basic issues of the controversy. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *see also Elite Door &*

*Trim, Inc. v. Tapia*, 355 S.W.3d 757, 766 (Tex. App.—Dallas 2011, no pet.). Where, as here, no special exceptions have been filed, we liberally construe the pleading in favor of the pleader. *Horizon/CMS Healthcare*, 34 S.W.3d at 897.

## II.      Application

We hold that error is apparent on the face of the record because Weinritter's application for writ of garnishment does not give TD Bank sufficient information to determine the identity of the judgment debtor, through whom TD Bank could owe Weinritter on its garnishment claim. *See Orange Cnty.*, 819 S.W.2d at 474. Instead, the default judgment describes a single judgment debtor, and there are significant variances between this judgment debtor and the several judgment debtors listed on Weinritter's application and the defendants listed on the underlying final judgment attached to the application.

We begin with the default judgment. *See Repsol Oil & Gas USA, LLC v. Matrix Petroleum, LLC*, 708 S.W.3d 641, 653–54 (Tex. App.—San Antonio 2023, pet. denied) (beginning analysis of pleading deficiency with review of the relief awarded); *see also Perez v. Briercroft Serv. Corp.*, 809 S.W.2d 216, 218 (Tex. 1991) ("Ultimately, the purpose of pleadings is to give the adversary parties notice of each parties [sic] claims and defenses, as well as notice of the relief sought."). The default judgment states that TD Bank "was indebted to or has in-hand effects belonging to the Judgment Debtor," and it awards Weinritter $3,471,634.32 against TD Bank; however, nowhere does the default judgment define "Judgment Debtor." Instead, it refers to a "Judgment," from which it could be possible for an attorney of reasonable competence to determine the identity of the judgment debtor, but confusingly, the default judgment describes the "Judgment" twice, with different dates, different judgment debtors, and different judgment amounts:

> 1.  On **April 9, 2024**, in the 37th Judicial District Court of Bexar County, Texas, in *Weinritter St. Paul Square, LLC v. The Abadi Group, et al.;* Cause No. 2021-CI-

19896 [Weinritter] obtained a judgment against **The Abadi Group Companies, LLC.**, who pursuant to a New Jersey Department Of The Treasury Division Of Revenue and Enterprise Services Certificate Of Alternate Name, of which the Court takes judicial notice, does business as The Abadi Group Companies, LLC. in an amount totaling **$4.3. Million** (the Judgment).

. . .

4. On **April 29, 2024**, **The Abadi Group Companies, LLC. and The Abadi Group Companies, *d.b.a.* The HKO Group, LLC** were found to be liable to the Plaintiff for up to **$3,471,634.32** plus interest at the rate of 8% per annum from the date of the Judgment. The Judgment is a final, valid, and subsisting, wholly unsatisfied judgment.

(Emphasis added).

On appeal, Weinritter contends that "The Abadi Group Companies, LLC" and "The Abadi Group Companies, *d.b.a.* The HKO Group, LLC" are "synonymous names for one entity." However, nothing in the record establishes this fact, and Weinritter's application undermines it by listing "The Abadi Group of Companies" and "The HKO Group, LLC" as separate judgment debtors.

More fundamentally, even if the default judgment lists only one judgment debtor, "The Abadi Group Companies, LLC", Weinritter's garnishment application does not give fair notice that this entity is a judgment debtor. Weinritter does not identify "The Abadi Group Companies, LLC" as a judgment debtor in its application. Instead, it identifies "The Abadi Group of Companies", which omits the limited-liability designation and adds the word "of". The final judgment attached to Weinritter's application does not clarify the matter because several defendants listed in the final judgment could fit the name. The final judgment includes defendants who are identified as "The Abadi Group", "The Abadi Group of Companies, LLC", and "Elias Abadi Group of Companies". None of these names is an exact match to "The Abadi Group of Companies" in the application. Moreover, none of these defendants fits the description of "The

Abadi Group of Companies" in the application as a judgment debtor "*jointly and severally* liable for the amount shown, up to $3,471,634.32." (Emphasis added.) Weinritter does not explain how it determined the amount $3,471,634.32. As best we can tell, the amount includes awards in the amount of $1,899,227.00, $633,149.37, $439,257.95, and $500,000.00.[6] This last amount for $500,000.00 is for exemplary damages; however, the exemplary damages awards state that they "are *not* joint and several." (Emphasis added.) Additionally, two exemplary damages awards in the amount of $500,000.00 were assessed — one against "The Abadi Group of Companies, LLC" and the other against "Elias Abadi Group of Companies" — which indicates that these entities are not synonymous. In short, the default judgment lists a judgment debtor named "The Abadi Group Companies, LLC", but Weinritter's application does not list a judgment debtor with this exact name, and the underlying judgment does not clarify matters.

These discrepancies are not "mere formalities, minor defects and technical insufficiencies," but consequential details in a garnishment proceeding. *Stoner*, 578 S.W.2d at 683. A judgment debtor is a party to the garnishment proceeding. *See Orange Cnty.*, 819 S.W.2d at 474. The judgment debtor must be served a copy of the writ. *See* TEX. R. CIV. P. 663a. The application lists registered agents and addresses for each of the five persons and entities listed as judgment debtors, and an opposing attorney of reasonable competence would understand these five persons and entities to be correctly named with accurate details for service. *See Horizon/CMS Healthcare*, 34 S.W.3d at 896. Relatedly, the remedy of garnishment is not allowed "unless there is strict compliance with the statutory requirements." *Cadle Co.*, 2007 WL 752260, at *2. If a judgment debtor is not properly served, the judgment debtor can contest garnishment on that basis. *See Lease Fin. Group, LLC v. Childers*, 310 S.W.3d 120, 127–28 (Tex. App.—Fort Worth 2010, no

---

[6] $3,471,634.32 = $1,899,227.00 + $633,149.37 + $439,257.95 + $500,000

pet.) (reversing garnishment judgment where record did not reflect service on judgment debtor, as required by Texas Rule of Civil Procedure 663a); *see also Strobach*, 621 S.W.3d at 870 ("[T]he failure to give proper notice to the defendant-debtor, as required by law, is not considered a mere irregularity, but rather, it is an integral part of the statutory requirements of the garnishment proceedings; therefore, a garnishment judgment rendered without such notice is void."). Consequently, accurately naming the judgment debtor, in order to effect service, is critical, and an opposing counsel of reasonable competence would expect a judgment debtor to be correctly named in a garnishment application.

Moreover, an opposing counsel of reasonable competence would expect a judgment debtor to be correctly named because, were the case to proceed to trial, the issue to be tried would be whether the garnishee was indebted to that judgment debtor. *See* TEX. R. CIV. P. 674, 676 *Ascentium Cap.*, 2024 WL 337204, at *2. To determine indebtedness, a bank "may rely on its deposit agreements." *Bank One*, 824 S.W.2d at 557. A garnishee bank is not required to determine "true ownership of its deposits" because to require the bank to do so would "improperly shift[] a judicial responsibility to the garnishee." *Id.* In fact, a financial institution could face liability for failing to contest a writ of garnishment that was not properly directed at the financial institution's nominal account holder. *See, e.g.*, *Strobach*, 621 S.W.3d at 870 (holding fact issue existed regarding whether garnishee credit union failed to exercise ordinary care in responding to writ of garnishment where writ provided conflicting information regarding whether account holder was a judgment-debtor); *JPMorgan Chase Bank, N.A. v. Prof'l Pharmacy II*, 508 S.W.3d 391, 425 (Tex. App.—Fort Worth 2014, no pet.) (affirming judgment against garnishee bank where bank failed to raise defense to writ of garnishment that partnership was the account holder, not individual partner/judgment debtor).

To be sure, we must liberally construe a pleading in favor of the pleader where, as here, no special exceptions have been filed. *Horizon/CMS Healthcare*, 34 S.W.3d at 897. However, we also must resolve any doubts about a default judgment against the party who secured the default. *In re Lakeside Resort*, 689 S.W.3d at 922; *see also Williamson v. State*, No. 03-11-00786-CV, 2013 WL 3336869, at *4 (Tex. App.—Austin June 26, 2013, pet. denied) ("An application for garnishment that does not comply with the requirements of the rules of procedure cannot serve as a basis for default judgment[.]"). "Default judgments in particular must turn sharp corners." *In re Lakeside Resort*, 689 S.W.3d at 925. Balancing our obligations, we hold that the default judgment entered against TD Bank did not comport with Weinritter's garnishment application because an opposing attorney of reasonable competence could not have ascertained the identity of the judgment debtor, through whom TD Bank could be liable to Weinritter, due to the many discrepancies within and between Weinritter's application for writ of garnishment, the underlying final judgment, and the default garnishment judgment. *See Horizon/CMS Healthcare*, 34 S.W.3d at 896. Therefore, we hold that error is apparent of the face of the record, and we reverse the default judgment. *See Stoner*, 578 S.W.2d at 682.

**CONCLUSION**

We reverse the trial court's default judgment, and we remand for further proceedings consistent with this opinion.[7]

Velia J. Meza, Justice

---

[7] Because TD Bank requests a remand and because a remand serves the interests of justice under these circumstances, we remand without further consideration of whether we could render judgment were the circumstances or briefing different. *See* TEX. R. APP. P. 43.3 (requiring court of appeals to render judgment, except if a remand is necessary or if the interests of justice require a remand); *see also In re Estate of Wilson*, 252 S.W.3d 708, 715 (Tex. App.—Texarkana 2008, no pet.) ("A court should generally not grant greater relief than requested by the prevailing party." (citing *Horrocks v. Tex. Dep't of Transp.*, 852 S.W.2d 498, 499 (Tex. 1993)).